JiDECUIR, Judge.
This is an appeal by Tommy Joe Walker from the judgment of the Office of Workers’ Compensation dismissing his claim for compensation benefits against his employer, Dis-tran Steel Fabrication.
Walker alleges that he suffered a heart attack on January 22, 1996, as a result of his employment as a drill line operator. The workers’ compensation judge found that Walker failed to prove by clear and convincing evidence: (1) that he was engaged in work of an extraordinary and unusual nature compared to the usual duties of a drilling operator, and (2) that the work in which he was engaged at the time of his heart attack was the predominant and major cause of his heart attack. Plaintiff contends the workers’ compensation judge erred in failing to find that he carried his burden of proof pursuant to La.R.S. 23:1021(7)(e), and in failing to award compensation benefits pursuant to La. R.S. 23:1021(7)(c).
[2The workers’ compensation judge’s findings in the case sub judice are factual findings subject to the manifest error standard of review. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94); 630 So.2d 733; Dupont v. Holiday Inn of Jennings, 96-684 (La.App. 3 Cir. 12/11/96); 685 So.2d 525. Applying this standard, we affirm the judgment of the Office of Workers’ Compensation. ■
La.R.S. 23:1021(7)(e) provides:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by dear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness or death.
(Emphasis added.)
Walker’s job as a drill ’line operator involved operating a drill press. The drill press drilled holes in large steel beams and was operated from a computer console, the actual drilling being controlled by a computer program. Plaintiffs time was primarily spent sitting in front of the drill press operating console. A conveyor system carried steel beams into the drill, placed the beams into the appropriate position, and the machine automatically drilled the appropriate holes. The beam was then carried off by a conveyor system. From time to time, Walker would be required to change the drill bits in the machine, to flip the beams over for repositioning by using an implement similar to a crowbar known as a “pipe dog” or an overhead crane, and to measure the position of the holes in the beam.
1-jWaIker’s work schedule was from 7:00 a.m. to 3:30 p.m. On the day Walker suffered his heart attack, he came into work at *1301 4:46 a.m. He testified that it was not unusual that he went into work early on that date as he, as well as other employees, worked overtime on occasion. Keith Sykes, Walker’s supervisor, and Jerry George, vice president and plant manager, both testified that all the employees worked overtime on a regular basis. At 8:00 a.m. on January 22,1996, plaintiff began to experience chest pain, shortness of breath, dizziness, nausea, and pain radiating into the upper extremities. According to Walker, he first reported these symptoms to a coworker. At approximately 9:00 a.m., Walker reported his complaints to Keith Sykes. Walker testified that Sykes’ response was: “Let me know what you want to do.” Thereafter, Walker continued to work. At approximately 2:30 p.m., Walker reported to Sykes that he could not continue working, and he returned home, whereupon his wife took him to the hospital. Walker was admitted to the hospital and an angioplasty was performed by Dr. Robert Freedman.
The workers’ compensation judge stated in reasons for judgment that the most convincing factor establishing plaintiffs failure to meet his burden of proof was his own testimony in describing the actual physical aspects of his employment on January 22,1996. The judge concluded that Walker’s testimony at trial indicated little physical work stress related to the performance of his duties on that day. The record reflects that plaintiff admitted at trial that the work he was performing on January 22, 1996, was not physically demanding, and he was not doing any work that was different from his ordinary routine. Although plaintiff testified he did not feel free to leave work on the day of his heart attack due to the heavy work load, he admitted that he had never been denied a request for time off for illness or other ^personal reasons in the past. Walker’s testimony also reflects that on the day of his heart attack at least two other coworkers were available to do his job.
Keith Sykes testified that the work being performed by the plaintiff on January 22, 1996, was not in any way unusual. Sykes also testified that when plaintiff told him he was' experiencing chest pains on January 22, 1996, he told Walker that “chest pain is not nothing to play around with, if you want to go ahead on home, go on to the doctor.” According to Sykes, plaintiff declined saying he wanted to “hang around a while and see if it’s going to get any better.” Sykes further testified that plaintiff was never denied the opportunity to leave work on January 22, 1996, and that he had never been denied permission to leave work prior to January 22, 1996. Sykes also testified that Walker was not required to meet any production quotas on the day of his heart attack. Jerry George also testified at trial. His testimony corroborated the testimony of Keith Sykes. Walker claims he was under increased pressure and stress due to a heavy work load, but this testimony was contradicted by Sykes and George and by payroll records.
A review of the medical evidence likewise supports the workers’ compensation judge’s findings. At the time of his heart attack, Walker was 44 years old with a history of smoking, mild to moderate obesity, and positive family history for heart disease. Dr. Freedman testified that several factors contribute to a heart attack. He stated that in addition to stress, cholesterol build-up in the arteries and lung disease as a result of smoking are contributing factors. Dr. Freedman testified that during the heart catheterization procedure, he found major blockage of the left anterior descending artery, a major artery feeding both the front and inside wall of the heart. Dr. Freedman stated that the plaintiff also had areas of minor or borderline significant blockage in one side branch of the left anterior descending artery and also in the right | {¡artery. Dr. Freedman acknowledged that the blockage was not caused by plaintiffs employment. He also stated he had no independent knowledge of plaintiffs work activities, and that his opinion that plaintiffs work stress contributed to his heart attack was based upon the history related to him by the plaintiff.
We conclude from a review of the record ■that the finding of the workers’ compensation judge that plaintiff failed to prove by clear and convincing evidence that he was engaged in work of an extraordinary and unusual nature compared to the duties of a drill line operator is not manifestly erroneous. Fur *1302 thermore, the workers’ compensation judge’s finding that plaintiff failed to prove by clear and convincing evidence that the work in which he was engaged at the time of his heart attack was the predominant and major cause of his heart attack is likewise not manifestly erroneous.
Plaintiff also contends that the workers’ compensation judge erred in failing to award benefits pursuant to La.R.S. 23:1021(7)(c) which provides:
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(Emphasis added.)
This court notes that there was no claim for a mental injury caused by physical injury made by the plaintiff prior to this appeal. No evidence of a mental injury as required by La.R.S. 23:1021(7)(c) and (d) was presented at trial. This assignment therefore will not be considered.
The judgment of the Office of Workers’ Compensation is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.